## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

ROBERT DIXON,

                Plaintiff,

v.                                      CIVIL ACTION NO. 2:20-cv-00379

CITY OF ST. ALBANS et al.,

                Defendants.

### MEMORANDUM OPINION

Pending before the Court is the motion filed by Defendants, City of St. Albans, St. Albans Police Department, Patrolman M.W. Fisher, Patrolman Perry, and Detective J.D. Lucas, to dismiss the claims of Plaintiff Robert Dixon for claims made pursuant to 42 U.S.C § 1983 as well as state common and statutory law.

For the reasons stated herein, the Motion is **GRANTED IN PART** and **DENIED IN PART.**

## I.    BACKGROUND

According to the Amended Complaint, On March 26, 2019, Plaintiff Robert Dixon ("Dixon") was arrested in the home of a friend in St. Albans, West Virginia for domestic battery and obstruction. [ECF No. 14 at ¶4]. Dixon alleges that he heard the officers kicking in the locked door to the residence, and that when he unlocked the door, Defendants Patrolman Fisher, Patrolman Perry, and Det. Lucas kicked in the door, punched him in the eye and ordered him to the ground. *Id.* at ¶5. Dixon alleges

that he complied with this order and that once he was on the ground and had placed his hands behind his back, the officers began kicking and beating him about the back, knee and ribs. *Id.* Dixon further states that the officers taunted him and swore at him while they punched and kicked him. *Id.* at ¶6. He also alleges that the officers did not have a lawful arrest or search warrant when they entered the home. *Id.* at ¶4.

On December 13, 2019, Dixon commenced a civil action in the Circuit Court of Kanawha County, West Virginia asserting claims against Defendants for violations of his Fourth Amendment rights, common law assault, battery, recklessness/malicious conduct, negligence, and bystander liability/deliberate indifference in violation of 42 U.S.C. § 1983. Defendants removed the action to this Court on June 4, 2020. [ECF No. 1]. Dixon filed an Amended Complaint on June 30, 2020. [ECF No. 14] Defendants filed the pending motion on August 11, 2020. [ECF No. 17]. Dixon filed a timely response on August 25, 2020 [ECF No. 24], and Defendants timely replied on September 1, 2020 [ECF No. 26]. As such the motion is fully briefed and ripe for adjudication.

In their memoranda in support of their motion to dismiss, Defendants argue that Dixon improperly attempts to support a claim of negligence by alleging intentional conduct; that—even if Dixon can satisfy the elements of a claim for negligence—the City of St. Albans is immune from suit; and that the Amended Complaint fails to rise to the level of plausibility under *Iqbal* and *Twombly*.

2

## II.   LEGAL STANDARD

A pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). To withstand a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must plead enough facts "to state a claim to relief that is plausible on its face." *Wikimedia Found. v. NSA/Central Sec. Serv.*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). Well-pleaded factual allegations are required; labels, conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) ("Bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." (quoting *Iqbal*, 556 U.S. at 679)).

In evaluating the sufficiency of a complaint, the court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The court then "assume[s] the[] veracity"

of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Review of the complaint is "a context-specific task that requires [the court] to draw on its judicial experience and common sense." *Id.* "[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted).

## III.   DISCUSSION

Counts I and V of the Amended Complaint are brought against the individual officers under 42 U.S.C § 1983 for violations of his Fourth Amendment rights. Count II is directed against the individual officers for state law assault and battery. In Count III, Dixon alleges that the individual officers-Defendants were wanton and reckless as contemplated by the statutory liability provision for government employees under W. Va. Code § 29-12A-5. Count IV is against the City of St. Albans for statutory liability under the Governmental Tort Claims and Insurance Liability Act, W. Va. Code § 29-12A et. seq ("Tort Claims Act") based upon the alleged negligence of the officers in their official capacities for failing to intervene to stop the use of excessive force against Dixon.

I will first analyze the claim against the City of St. Albans before addressing the various claims brought against the individual defendants.

4

### A.    *Count IV: Negligence by the Individual Officers and Statutory Liability Against the City of St. Albans*

In Count IV, Dixon claims that the defendant officers—whom he names in their official capacities for purposes of this claim—were negligent in allowing the other officers to beat him. Dixon's claim against the City is premised on the statutory liability for negligence found in W.Va. Code § 29-12A-4(c)(2). That section provides, in pertinent part:

> (c)Subject to sections five and six of this article, a political subdivision is liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:
>
>  . . .
>
>> (2) Political subdivisions are liable for injury, death, or loss to persons or property caused by the negligent performance of acts by their employees while acting within the scope of employment.

Defendants assert that a political subdivision's liability for injury, loss, or death caused by the negligence of its employees is conditioned upon the absence of any applicable immunity provision set forth in Section 5 of the Tort Claims Act, specifically the "police and fire protection" immunity. W. Va Code 29-12A-5(a)(5); *Albert v. City of Wheeling*, 238 W. Va. 129, 792 S.E.2d 628, 631 (2016) (noting that "subsection 4(c) begins with the disclaimer that the subsequent grants of liability are expressly made [s]ubject to section five [§ 29-12A-5] and six [§ 29-12A-6].'"); *Hose v. Berkeley Cty. Planning Comm'n*, 194 W. Va. 515, 460 S.E.2d 761 (W. Va. 1995) (same).

Dixon on the other hand relies on *Smith v. Burdette*, 211 W. Va. 477, 566

5

S.E.2d 614 (W. Va. 2002) which held that Section 5(a)(5) of the Torts Claim Act "does not provide immunity to a political subdivision for the negligent acts of the political subdivision's employee performing acts in furtherance of a method of providing police, law enforcement or fire protection." *Id.* at 618.  In *Smith*, the plaintiff alleged that a police officer negligently drove his cruiser through a red light and collided with his vehicle. 566 S.E.2d at 616. The West Virginia Supreme Court concluded the city, which employed the officer, was not entitled to immunity, reasoning that immunity under West Virginia Code § 29-12A-5(a)(5) is limited to the "decision-making or the planning process in developing a governmental policy, including how that policy is to be performed."*Id.* However, as this Court explained recently in *Taylor v. Clay Cty. Sheriff's Dept.*, no. 2:19-cv-00387, 2020 U.S. Dist LEXIS 30577 (S.D. W. Va. Feb. 24, 2020), in deciding *Albert*, the Supreme Court of Appeals effectively overruled *Smith*. *Id.* at *16. In *Albert*, the Supreme Court revisited the limitation of police protection immunity announced in *Smith*:

> [s]tatutory immunity exists for a political subdivision under the provisions of West Virginia Code § 29-12A-5(a)(5) if a loss or claim results from the failure to provide fire protection or the method of providing fire protection regardless of whether such loss or claim, asserted under West Virginia Code § 29-12A-4(c)(2), is caused by the negligent performance of acts by the political subdivision's employees while acting within the scope of employment. To the extent that this ruling is inconsistent with syllabus point five of *Smith v. Burdette*, 211 W. Va. 477, 566 S.E.2d 614 (2002), the holding as it pertains to the negligent acts of a political subdivision's employee in furtherance of a method of providing fire protection is hereby overruled

*Albert*, 792 S.E.2d at 632. Therefore, the immunity for employee negligence is not limited to policy questions as held in *Smith* but extends to all police and fire protection related employee negligence. *Taylor* at *16. Because the alleged negligence

6

of the officers would fall within the exception to the waiver of immunity for police protection set forth in Section 5 of the Tort Claims Act, I find that the City of St. Albans is immune from liability on Count IV.

Even if the city were not afforded immunity for negligent conduct by the officers in this case, it is well established that intentional acts cannot form the basis of a claim for negligence. *Smith v. Lusk*, 533 F. App'x 280, 284 (4th Cir. 2013) (citing *Stone*, 32 S.E.2d at 748 (noting that "intentional acts are not encompassed by general negligence principles")); *Weigle v. Pifer*, 139 F. Supp. 3d 760, 780 (S.D. W. Va. 2015) ("A mere allegation of negligence does not turn an intentional tort into negligent conduct.") (citations omitted). This Court has previously explained that "[c]onduct that supports a negligence claim can be distinguished from conduct that supports an intentional tort claim by examining the subjective intent of the alleged tortfeasor." *Id.* Specifically, "[i]ntentional torts, as distinguished from negligent or reckless torts . . . generally require that the actor intend "the consequences of an act,' not simply 'the act itself.'" *Id.* (quoting *Kawaauhau v. Geiger*, 523 U.S. 57, 62, (1998)); see also *Mandolidis v. Elkins Indus., Inc.*, 161 W. Va. 695, 246 S.E.2d 907, 913-14 (W. Va. 1978) ("The law of this jurisdiction recognizes a distinction between negligence, including gross negligence, and wilful [sic], wanton, and reckless misconduct. The latter type of conduct requires a subjective realization of the risk of bodily injury created by the activity and as such does not constitute any form of negligence.") (superseded by statute on other grounds). Throughout the Amended Complaint, Dixon characterized the acts by all of the officers as willful, wanton, reckless, and malicious. He alleged that all of them broke down the door of the residence where

7

Dixon was staying, detained him, and beat him with the intent of causing harm and humiliation. *See, e.g.*, ECF No. 14 ¶¶6, 9, 19. Such characterizations may not simultaneously support an allegation of negligence.

Furthermore, because Dixon conceded that the individual officers are immune from negligence in their official capacities [ECF No. 14 at 22], I need not address those arguments.

Accordingly, the City is not susceptible to the instant suit and the claims against it are **DISMISSED.**

B.    *Claims Against the Individual Officers*

Defendants also move to dismiss Dixon's claims against the individual officers for violation of his Fourth Amendment rights and assault and battery as insufficiently pleaded under *Iqbal and Twombly*. [ECF No. 18 at 14–16]. Defendants argue that the claims in Counts I, II III, and V fail to put the individual defendants on notice by "impermissibly engaging in group pleading." *Id.* While the allegations in the Amended Complaint are sparse, I find they are sufficiently plausible to allow further factual development.

It is not necessary in the Fourth Amendment context to establish definitively which officers applied excessive force. *Lester v. City of Gilbert*, 85 F. Supp. 3d 851, 858 (S.D. W. Va. 2015). Additionally, an officer may be liable under § 1983 on a theory of bystander liability, if he: (1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act. *Id.* at *14–15. Finally, West Virginia "permits a plaintiff who has asserted a Section 1983 claim against a law enforcement officer to pursue an

independent claim for assault, battery or other common law intentional tort even if those claims arise from the same facts as the Section 1983 claim." *Weigle v. Pifer*, 139 F. Supp. 3d 760, 775 (S.D. W. Va. 2015).

The Amended Complaint does not assert which Defendants threw which punches but it does permit the reasonable inference that these Defendants are liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678. Dixon alleges that, without a valid warrant, the Defendant Officers, while acting under color of state law, kicked down the door, restrained him, and beat him while he was restrained and while he was complying with their orders. It further allows for the plausible inference that the officers could have stopped this conduct and failed to do so. Taking these allegations as true—as I am required to do at this stage—I find that Plaintiff has sufficiently stated claims for alleged violations of the Fourth Amendment and state law torts.

Accordingly, the motion to dismiss this claim is **DENIED** as to the individual Defendants.

## IV. SUMMARY

For the reasons stated herein, the motion to dismiss [ECF No. 17] is **GRANTED** as to Count IV against the City of St. Albans and **DENIED** as to the individual officers for the claims in Counts I, II, III and V.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 13, 2020

9

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE